IN THE UNITED STATES DISTRICT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

SEP - 2 2011

DAVID J. MALAND, CLERK
BY
DEPUTY

IN THE MATTER OF KENT A. ROWALD § NO. 5:11-mc- 2

## SHOW CAUSE ORDER

Pursuant to Local Rule AT-2(d)(2), United States District Judge T. John Ward has notified me of conduct committed by Kent. A. Rowald, a member of the bar of this court, which may warrant disciplinary action. The facts are as follows:

On September 8, 2008, Plaintiff FURminator, Inc. ("FURminator") filed a patent infringement suit against Defendant PetVac Group, LLC. ("PetVac"). After PetVac failed to timely answer, FURminator moved for default judgment. On February 6, 2009, Mr. Kent A. Rowald filed an answer as attorney for PetVac. The Court denied the motion for default judgment. PetVac's counsel then failed to appear at a December 14, 2009 status conference. On January 19, 2010, the Court entered a Docket Control Order and Discovery Order. On March 2, 2010, the Court entered a stipulated Protective Order. Then on April 15, 2010, FURminator filed a motion to strike pleadings arguing that PetVac had consistently refused to abide by this Court's Discovery Order, Docket Control Order, and the Local Patent Rules because PetVac: (1) failed to timely answer FURminator's complaint; (2) failed to appear at the status conference; (3) failed to notify the Court and FURminator whether it consents to trial before the Magistrate Judge; (4) failed to timely serve invalidity contentions; (5) failed to submit proposed terms and claim elements for construction; and (6) failed to produce a single document to FURminator.

On May 25, 2010, the Court held a hearing regarding FURminator's motion to strike. The Court gave instructions to Mr. Rowald, struck PetVac's invalidity contentions as a sanction, and ordered PetVac to comply with the discovery order within 21 days, which included PetVac providing written responses if documents were not available. FURminator filed another motion to strike pleadings on June 18, 2011, arguing that as of that day (24 days from the date of the Court's oral Order), PetVac had neither produced documents in response to the Court's Order nor provided written responses. On June 21, 2010, the Court entered an order requiring PetVac to respond to FURminator's Second Motion to Strike Pleadings of PetVac, including the allegations of noncompliance, by June 24, 2010.

On June 24, 2010, PetVac responded to FURminator's motion and the Court Order. The response claimed that PetVac contacted FURminator concerning its production on

June 15, 2010, and PetVac attached as Exhibit A an e-mail to this effect, purportedly sent to FURminator's counsel, Thompson Coburn Attorney Jonathan G. Musch, at 5:35 P.M. on that date.

In its reply, FURminator represented to the Court that the e-mail submitted by PetVac as Exhibit A was not received by Mr. Musch's Thompson Coburn e-mail account. FURminator audited Mr. Musch's e-mail account for the twelve-hour period in which the e-mail was purportedly sent. The audit reflected no e-mail from Kent Rowald (krowald@patentlawyers.com) on June 15, 2010, at any time between noon and midnight, much less at 5:35 PM. FURminator also verified that the e-mail was not redirected by a spam filter. Additionally, FURminator argued that a review of the document attached as Exhibit A to PetVac's response displayed facial irregularities that might indicate it was fraudulent.

On July 16, 2010, the Court set a hearing regarding FURminator's allegation that the e-mail was never received and had facial irregularities that suggested it was fabricated. The Court invited the parties to present evidence demonstrating the authenticity or forgery of the e-mail. The Court also ordered PetVac to preserve all evidence related to this e-mail account. At the hearing on July 27, 2010, PetVac represented to the Court that it would produce various discovery documents to FURminator. The Court ordered PetVac to file a notice with the Court that such production had been completed no later than July 28, 2010, and PetVac did so.

On August 3, 2010, FURminator submitted a proposal to determine whether Mr. Rowald's computer contained evidence that Mr. Rowald created and sent the e-mail on the purported date of June 15, 2010, and to determine whether the hard drive evidenced the authenticity of the e-mail. On August 6, 2010, Mr. Rowald filed a notice of objection to the forensic analysis.

Four days later, Mr. Rowald filed a notice representing to the Court that some time between the night of August 6 and the morning of August 9, his office was burglarized and his laptop computer was stolen from his desk.

FURminator attempted to collect evidence concerning the alleged e-mail and the theft by way of a subpoena in the Southern District of Texas. FURminator then filed a motion for contempt and to compel compliance in the Southern District of Texas. See FURminator, Inc. v. PetVac Group LLC, 4:10-mc-480, Dkt. No. 1 (S.D. Tex. Nov. 19, 2010). Mr. Rowald personally appeared at the hearing on FURminator's motion on December 21, 2010.

Neither Mr. Rowald nor PetVac produced any documents in response to the subpoena (other than a list of untimely objections) at the December 21, 2010 hearing. Judge Kenneth M. Hoyt ordered Mr. Rowald to produce multiple categories of documents to FURminator's counsel. On January 6, 2011, Judge Hoyt conducted a hearing to determine compliance with the subpoena. The docket entry for the minutes states that "Mr. Rowald has not complied with the subpoena. Court orders that he be incarcerated until he is willing to sign an authorization form presented by pltfs. Mr. Rowald signs the form to avoid incarceration but notes that he does so under objection." On December 29, 2010, Judge Hoyt also granted FURminator's Motion for Fees and Costs as Sanctions Against Kent Rowald, and ordered Mr. Rowald to pay the sum of $16,694.49.

FURminator then served a subpoena on Google, Inc., the host of Mr. Rowald's e-mail account, on January 12, 2011, and provided notice to counsel for PetVac. This subpoena sought logs tracking incoming and outgoing e-mails for Mr. Rowald's "krowald@patentlawyers.com" e-mail address. Google produced header information (which includes fields such as "to," "from," and the date and time) for June 15, 2010, between 5 P.M. Central and 7 P.M. Central. The header information disclosed a variety of e-mails sent to, and received from, Mr. Rowald at his krowald@patentlawyers.com e-mail address on June 15, 2010. None of the e-mails were directed to Jonathan Musch at Thompson Coburn LLP.

With this background, the Court held a hearing on FURminator's motion for sanctions and motion to strike on July 27, 2011. The notice for the hearing was sent to the parties via the electronic court filing system on June 2, 2011. Neither Mr. Rowald nor a representative for PetVac attended the hearing or raised concerns with the scheduled time of the hearing. At the hearing, FURminator contended that the evidence established that PetVac and its counsel misled this Court and that the alleged e-mail was never sent as represented to the Court. Given the uncontested evidence, the Court agreed with FURminator, entered default judgment against PetVac, and awarded FURminator its attorney's fees and expenses related to proving that Mr. Rowald had submitted a fraudulent e-mail.

Pursuant to Local Rule AT-2(d)(2), Judge Ward brought this matter to my attention and asked me as chief judge to poll the Court to determine whether disciplinary proceedings should commence. I have conducted the poll, and the district judges of the court have unanimously determined that further disciplinary proceedings regarding Mr. Rowald are necessary.

As chief judge, I have accepted assignment of this matter pursuanat to Local Rule AT-2(d)(2)(A). Kent A. Rowald is hereby notified of the above mentioned allegations and given opportunity to show cause why he should not be suspended or disbarred pursuant

to Local Rule AT-2(d)(1)(C) and Texas Disciplinary Rule of Professional Conduct Rule 8.02. Specifically, Mr. Rowald is asked to explain his submission of a fraudulent email as set forth above.

Any response by Mr. Rowald must be filed within twenty-one (21) days of this order. Mr. Rowald has the right to counsel and may, pursuant to Local Rule AT-2(d)(2)(B), request a hearing.

**IT IS SO ORDERED.**

**SIGNED this 2nd day of September, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE