IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

NOV 23 2011

DAVID J. MALAND, CLERK
BY
DEPUTY

IN THE MATTER OF KENT A. ROWALD §            No.: 5:11-mc-2

## KENT A. ROWALD'S
## SUPPLEMENTAL RESPONSE TO SHOW CAUSE ORDER

Comes now Kent A. Rowald ("Rowald") and would show as follows:

At the hearing on November 10, 2011, the Court invited further briefing on whether the Court was bound by the August 5, 2011 Memorandum and Order (Dkt 73 in the underlying case), particularly in light of *In re Matter of Leonard C. Jaques,* 972 F. Supp. 1070 (E.D. Tx – Tyler, 1997).

### Under certain circumstances, the Court MAY rely on prior court filings

In the *Jaques* case, this court clearly set forth that, if the underlying "discrete instances of conduct" have already been judicially determined by other courts under a clear and convincing standard, then the cout <u>can</u> rely upon such findings. *Id. at* 1079. Notably, it is also clear that such an action is discretionary, not mandatory. Moreover, if it is not clear whether the findings were made under a clear and convincing evidence standard of proof, the Court may make its own findings. *Id* at 1080. However, where "it is unclear what standard was used, this court cannot rely on (the) prior judicial findings to make new findings under standard of clear and convincing evidence. . *Id* at 1081.

In this case, it is clear from the August 5, 2011 Memorandum and Order (Dkt 73), p 10, that there were no prior findings under a clear and convincing evidence standard. The court then determined that under that standard, the email at issue was never sent. *Id.* Taken in context, it is clear that the finding is that the email was not transmitted from Mr. Rowald's computer to

opposing counsel's computer. At the time of the representation that the email had been sent, that was not evident. Now, as Mr. Rowald acknowledged, it is clear that the email was not transmitted even though he thought it had been. To the extent that the finding is that the email was not transmitted, this court may certainly rely upon the prior finding by the court as well as Mr. Rowald's acknowledgement that the evidence now available shows that he was mistaken in his prior belief that the email had been sent.

### The finding that the email was "fraudulent" is not binding on this court.

The court, in the August 5, 2011 Memorandum and Order (Dkt 73), states that it "is now convinced hat the June 15 email was fraudulent." . *Id* at 10.The Court then goes on to specifically find that the was not transmitted. However, there is no discussion of the requisite facts required to find fraud. More particularly, the elements of fraud are: 1) a material misrepresentation; 2) that is false; 3<u>) that the speaker knew was false when made</u>; 4) made with the intention that it be acted upon by the other party; 5<u>) that the party acted in reliance on it</u>; and 6) damages. *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218 (Tex. 1992).

Here, the court made NO findings (a) that Mr. Rowald knew when he represented that he had transmitted the email that it had in fact not been transmitted or (b) that any party relied upon the transmission of the email. Moreover, when it became apparent that his belief that the email had been transmitted was incorrect, Mr. Rowald candidly acknowledged it! Thus, while the representation was false, it was not <u>knowingly</u> false. Therefore, while the court made a fraud conclusion, the court did not make the requisite inquiries or findings to support such a conclusion. As a result, it is respectfully submitted that this court is not obligated to accept the

"fraudulent email" conclusion even though it may chose to accept that the email was not in fact transmitted.

## Conclusion

While the Court may chose to adopt the findings of the prior court, it is clear tat it is not obligated to. Moreover, the prior court did not give any indication of making the requisite scienter factual findings for fraud under any standard. Therefore, even if the Court improvidentl chose to interpret the opinion as having implied such a finding, the court may not accept it in light of the pronouncements in *In re Matter of Leonard C. Jaques,* 972 F. Supp. 1070 (E.D. Tx – Tyler, 1997).

Finally, it is noted that the rule at issue here, Texas Rule 3.03(a)(1) requires that "a lawyer shall not <u>knowingly</u> make a false statement of material fact to a tribunal." That knowing element has not only not been shown, but is expressly contested and refuted by Mr Rowald's own testimony.

WHEREFORE, Kent A. Rowald prays that this Court find that there is not sufficient cause to remove or suspend Mr. Rowald from this bar.

Dated: November 22, 2011   Respectfully submitted,

/s/Kent A. Rowald/s/
Kent A. Rowald
State Bar No. 17329300
LAW OFFICES OF KENT A. ROWALD, P.C.
20333 State Hwy 249
Suite 200
Houston, Texas 77070
Telephone: (281) 516-3844
Facsimile: (281) 516-3845
krowald@patentlawyers.com